The opinion of the Court was delivered by
WhitneR, J.
In the argument, plaintiff’s counsel rested his motion entirely on his second ground of appeal. In this he alleges there was error in the Circuit Judge in ruling that the plaintiff had not shewn a necessary way over defendant’s close.
*162 The point raised will be much simplified bj putting out of view all the facts in proof anterior to the severance by James Cutbbert, Jr.; for though there may have been “ an open and well trodden path through Richfield the preceding forty years,” this cannot change the principles on which the proposition rests.
Unity of ownership extinguishes all such easements, notwithstanding expressions occur occasionally in some of the cases as though ways of necessity formed exceptions. It cannot well be said that one has a right of way over his own soil. The very definition of an easement shews it to be a privilege which one has over the tenement of another, so that when one purchases the land over which he has the way, the soil being his own, the mere appendancy is extinct. Hence in Gales & What, on Easements, 84, I find the doctrine “ It is clearly settled, on all the authorities, that during the unity, no way or easement can exist in the land;” sustained by Oro. Jac. 179 ; 2 Bing. 83, and other cases cited.
Having an eye to the state of things in 1849, disclosed in the report, and as though no road had ever existed, regarding the localities of these lands and the existing highways whereby access is afforded from the pine land to Oastlehill, can the road in question be at all said to be a thing of necessity, and hence an incident to the grant; that in fact tho grant itself would otherwise be inoperative ? It is urged, however, that such a test would be entirely too stringent, and that when one thus aliens, every thing necessary to a convenient enjoyment is included. To set forth in precise terms to meet every supposed case what shall constitute a way of necessity, would be no easy task. Neither elementary writers or adjudged cases to which I have had access, furnish a rule of service to plaintiff. In the very excellent treatise already referred to, of Gales & What. 71, such easements are classed as “ incident to some act of the owners of the dominant and servient tenements, without which the intention of the parties to the severance cannot be carried into *163 effect.” They refer to 1 Wms. Saund. 323; Hob. 234; 2 Rolle, Abr. Tit. Grant, T. The general rule stated by Sergeant Williams in the first authority above cited, well illustrates the necessity. “ Where a man having a close surrounded with his own land, grants the close to another, the grantee shall have a way to the close over the grantor’s land as incident to the grant, for. without it he cannot derive any benefit from the grant.” Nott, J., in Lawton vs. Rivers, 2 McC. 447, adopts and illustrates this rule very fully. Where such right exists, difficulties may arise in the precise mode of laying out the way, but .to establish the right the necessity must be shewn. “ There must be an actual necessity, and not a mere inconvenience, to entitle a person to such right.” The same Judge adds, however, that “ it is net meant to say there must be an absolute and irresistible necessity; an inconvenience may be so great as to amount to that kind of necessity which the law requires.” The facts of that case, in which the way was denied, will well compare with this in negativing the idea of a legal necessity here.
Parol understandings could in no way affect the right in question, and comment on the ungraciousness of the demand or the denial, as the case may be, would be fruitless. We are constrained to say that on the facts of this case, the plaintiff is not entitled to a right of way over the land of defendant from necessity.
The motion to set aside nonsuit is refused.
O’Neall, Wardlaw, Withers, Glover and Muuro, JJ.s concurred.

Motion refused.